UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
IN RE:                              *    CHAPTER 13
     DONALD LEE GILES               *
     DELOIS WALKER GILES            *
                                    *
        DEBTOR(S)                   *    CASE NO.: 05-82709crm
                                    *
                                    *    JUDGE: Mullins
```

DEBTOR'S (S) CHAPTER 13 PLAN

EXTENSION (  )                                    COMPOSITION (XX)

The debtor(s) submit(s) all future earnings or other future income of the debtor(s) to the supervision and control of the Court and trustee for the execution of the plan and debtor's(s') budget.

Pursuant of 11 U.S.C. {1301, et seq.), the debtor(s) shall pay (PAY DIRECT REQUESTED [  ]), or there shall be paid on the debtor's(s') behalf, to the Trustee, out of the debtor's(s') future income the sum of $ 404.88 per bi-weekly. Composition plans shall extend a minimum of thirty-six(36) months, regardless of proposed dividend to unsecured creditors.

UNLESS OTHERWISE ORDERED BY THE COURT, THE TRUSTEE SHALL PROVIDE FOR AND DISBURSE ONLY TO CREDITORS WITH FILED AND ALLOWED CLAIMS, REGARDLESS OF THE DATE OF THE PLAN'S CONFIRMATION.

From the payments so received the Trustee shall make disbursements as follows:

1. Filing Fee: The filing fee has been paid in full.

2. Administrative Costs: These expenses shall be paid to the Trustee or as otherwise authorized in such amounts as the Court fixes within the limits set forth in 11 U.S.C. {{1325(a)(2) and 28 U.S.C. {586(e)(2).

3. DEBTOR'S(S') ATTORNEY'S FEE: Without specific application or order but subject to court review, the Chapter 13 trustee is authorized to pay as an administrative expense of this case, the debtor's(s') attorney's fee as follows: (a) upon confirmation of the plan, a total fee of $2,500.00, (not to exceed $2,500), less attorney's fees previously received totaling $0.00, leaving a balance of $2,500.00, the aforementioned fees

shall be paid as follows:

    a. the chapter 13 trustee shall make disbursements of all available funds paid into the plan by the Debtor at the time of initial disbursement made by the chapter 13 Trustee following Confirmation not to exceed $1,100.00, less any monies received by the Debtor's attorney prior to filing (prior to payment to creditors and after deduction of any unpaid filing fees and payments of the Chapter 13 Trustee's fees and expenses):

    b.  the balance of the attorney's fees after the disbursement described in subsection (a) shall be payable at the rate of $125.00 per month beginning in the month following the initial disbursement(s) set forth above and continuing monthly until paid.

    If a plan is not confirmed and the case is Dismissed or Converted and after payment of the Chapter 13 trustee fees and expenses, a total fee of $900.00 (not to exceed $900.00), less attorney's fees previously received.  Any payment in excess of the foregoing amounts shall require prior Court approval, upon application and hearing pursuant to 11 U.S.C. Sec. 330(a).

    4.  <u>PRIORITY CLAIMS</u>:  After payment of the foregoing expenses as approved by the Court, payment shall be made to priority creditors, whose claims have been filed and allowed, in such amounts as the plan provides, or as altered at the 341 meeting, as approved by the Court at the confirmation hearing.

    5.  <u>SECURED CREDITORS</u>:  The claims of secured creditors, whose claims have been filed and allowed shall be paid as follows:
      A.  <u>Claims secured by principal residence</u>. Unless otherwise provided by the plan or order of this Court, defaults on claims secured by debtor's(s') principal residence shall be cured by payment of pre-petition arrearages within a reasonable time on a pro rata basis with other secured claims or in such monthly amounts as are determined at the 341 meeting, the confirmation hearing or by other Court order.
      B.  <u>All other secured claims</u>. The rights of the holders of

each other respective secured claims are hereby modified and each such secured creditor's claim shall be paid to the extent of the value of their security on a pro rata basis, or in such monthly amounts that are determined at the 341 meeting to be sufficient to protect the value of their collateral or in such monthly amounts that are approved or modified by the Court at the confirmation hearing.

  C.  Unless otherwise specifically provided in this plan, or order of the Court, the holder of each secured claim retains the lien securing each claim.

 6. UNSECURED CREDITORS:  Unsecured creditors, whose claims have been filed and allowed, shall be paid to the extent of .60 cent(s) on the dollar of, said unsecured claims on a pro rata basis of all money available after payment of the above-stated claims as, proposed above, as determined at the 341 meeting, modified at the confirmation hearing, or as determined by Court order.  If debtor's(s') plan is less than 100% of all allowed claims, the debtor's(s') projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan shall be paid to the trustee to be applied to make payments under the plan and shall be distributed in accordance with the plan.

 7. CLAIMS LESS THAN $200.00:  At the discretion of the Trustee and subject to approval by the Court, any claims less than $200.00 may be paid in accordance with the plan at the beginning of the case.

 8. PAYMENTS DIRECT TO CREDITORS:  The first mortgage to Fairbank Capital will be paid direct.

 9. OTHER PROVISIONS:  A secured claim, other than a mortgage arrearage claim, shall receive interest at the rate of prime (6.75%) as set by the Federal Reserve Bank and published in the Wall Street Journal on the 1st working day of the month in which the case is filed plus a risk factor of 2% on the value of the collateral securing claim.  A claim for pre-petition mortgage arrearages shall receive interest at the rate set forth in the proof of claim as provided for in the note and security interest.  Any arrearages to Fairbank Capital will be paid in the plan.

    10.  <u>EXECUTORY CONTRACTS</u>:  The following executory contracts shall be
rejected:  _____
_____
_____
(In addition to listing the rejection of executory contracts here, the
debtor must also file an application for rejection or an objection to the
claim.)

DATED: 10/28/05
                                        <u>S/ Donald Lee Giles</u>
                                                 DEBTOR

                                        <u>S/ Delois Walker Giles</u>
                                                 DEBTOR

<u>S/ James B. Drew, Jr.</u>
     ATTORNEY FOR DEBTORS